Angela Pak, CA Bar No. 240177
angela.pak@ogletree.com
Faheem A. Tukhi, CA Bar No. 310249
faheem.tukhi@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Attorneys for Defendant
Clean Harbors Environmental Services, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

MATTHEW KOHEN, an individual

Plaintiff,

vs.

CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., a Massachusetts corporation; and DOES 1 - 50

Defendants.

Case No. 2:20-CV-8020

**DEFENDANT CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**

[*Filed concurrently with Certificate of Interested Parties; Civil Cover Sheet; Corporate Disclosure Statement; Declarations of Bradley A. Carl and Faheem A. Tukhi; and Notice of Related Cases*]

Action Filed: July 30, 2020
Trial Date: None Set
District Judge: Hon. TBD
Magistrate Judge: Hon. TBD

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Clean Harbors Environmental Services, Inc. ("CHESI" or "Defendant") hereby petition the Court to remove this action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, because complete diversity of citizenship exists between Plaintiff Matthew Kohen ("Plaintiff") – a citizen of the State of California, and Defendant – a citizen of the State of Massachusetts; the amount in controversy exceeds $75,000; and the foregoing facts were true when Plaintiff filed his Complaint in state court and remain true now.

**I. <u>THE STATE COURT ACTION</u>**

1. On July 24, 2020, Plaintiff filed an action against Defendant entitled "MATTHEW KOHEN, an individual, Plaintiff v. CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., a Massachusetts corporation; and DOES 1 – 50[,] Defendants" in the Superior Court of the State of California, for the County of Los Angeles, case number 20STCV28033 ("Complaint").

2. Plaintiff asserts the following four causes of action in his Complaint: (1) Failure to Take All Reasonable Steps to Prevent Discrimination; (2) Retaliation; (3) Wrongful Termination in Violation of Public Policy; and (4) Violations Pursuant to Labor Code § 1102.5(b).

3. On about August 3, 2020, Plaintiff served Defendant's registered agent for service of process, CT Corporation System, with the following documents: Summons, Complaint, and Civil Case Cover Sheet. True and correct copies of these documents are attached hereto as **Exhibit "1"**.

4. On August 28, 2020, Defendant timely filed and served its Answer to Plaintiff's Complaint in the Superior Court of the State of California, for the County

43917675_1.docx

of Los Angeles. A true and correct copy of Defendant's Superior Court Answer is attached hereto as **Exhibit "2"**.

## II. REMOVAL IS TIMELY

5. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…")

6. Pursuant to section 28 U.S.C. § 1446(b), this Removal is timely filed (September 2, 2020) within thirty (30) days from the date that Defendant was served with the Summons and Complaint in this matter (August 3, 2020).

## III. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

7. This timely Notice of Removal is based on complete diversity of the parties. Plaintiff is a citizen of the State of California and Defendant is a citizen of the state of Massachusetts.

### A. Plaintiff is a Citizen of the State of California

8. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

9. At all relevant times, including the date that Plaintiff filed this civil action in the state court and at the time of this Removal, Plaintiff was and still is a resident and citizen of the State of California. (Compl. ¶ 2.) Plaintiff's Complaint expressly states that he "is a resident and citizen of the State of California" and was so at the time that he filed his Complaint. (*Ibid.*) Plaintiff's allegations constitute *prima facie* evidence of domicile, which creates a rebuttable presumption sufficient to support

removal. *See Socoloff v. LRN Corp*., 2013 WL 4479010, at *2-3 (C.D. Cal. 2013) (finding that the removing defendant "carried its burden of showing diversity" because it presented evidence of plaintiff's residence, supported by the fact that "plaintiff's complaint states that he is an 'individual residing in the State of California'" – which is *prima facie* evidence of Plaintiff's domicile and thus of his citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer* (19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is *prima facie* the domicile.").

10. Plaintiff's domicile in the State of California is further established by his continuous employment in California since at least October of 2018. (Compl. ¶¶ 1-2, 6; *see also* Declaration of Bradley A. Carl in support of Notice of Removal of Action ("Carl Decl.") ¶ 8; *Kyung Park v. Holder*, 572 F.3d 619, 624-625 (9th Cir. 2009) [current residence and place of employment are evidence of intention to remain to establish domicile]; *and Heinz v. Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal. 1991) [so long as a plaintiff has not completed a move to another state, the plaintiff's domicile remains at the place of his or her last residence at the time the suit was filed].

11. Plaintiff resided in California at the time he filed his Complaint. (Compl. ¶ 2.) Defendant's written offer of employment to Plaintiff, dated October 2, 2018, indicates that Plaintiff resided in Irvine, California. (Carl. Decl. ¶ 8.) Plaintiff's most recent earnings statement, dated February 7, 2020, also indicates that Plaintiff resided in Irvine, California. (*Ibid*.)

12. Plaintiff is therefore a citizen of California.

**B. Defendant is a Citizen of the State of Massachusetts**

13. For the purposes of diversity jurisdiction, if a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1331(c)(1).

14. At the time that Plaintiff filed his Complaint and continuing presently, Defendant was and still is incorporated in the city of Massachusetts, and its principal place of business was and still is in the State of Massachusetts. (Carl Decl. ¶ 4.)

Plaintiff's Complaint also confirms that Defendant is incorporated in Massachusetts. (Compl. ¶ 3.)

15. The United States Supreme Court in *Hertz Corp. v. Friend* (130 S. Ct. 1181, 1184 (2010)) established the "nerve center" test for determining a corporation's principal place of business for the purposes of diversity jurisdiction: "principal place of business [as contained in 28 U.S.C. § 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." In other words, the principal place of business is where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination. (*Ibid*.)

16. Defendant's principal place of business is in the state of Massachusetts. (Carl Decl. ¶ 4.) Defendant's executive and administrative operations are managed from its Massachusetts location, which is Defendant's headquarters. (Carl Decl. ¶ 5.) From its headquarters in Massachusetts, Defendant makes and implements company-wide operating, financial and accounting, employee relations, and other policy decisions. (*Ibid*.) Defendant's executive officers, including its Chief Executive Officer, Chief Financial Officer, Secretary, General Counsel, and other executive leaders maintain their offices at Defendant's headquarters in Massachusetts. (*Ibid*.) Indeed, Defendant does not maintain a principal place of business in the State of California. (Carl Decl. ¶ 6.)

17. Pursuant to the United States Supreme Court's "nerve center" test, Defendant presently is and was at the time that Plaintiff filed his Complaint, a citizen of the State of Massachusetts.

18. Accordingly, Defendant is a citizen of the State of Massachusetts.

19. Because Plaintiff is a citizen of California and Defendant is a citizen of Massachusetts, all parties are completely diverse[1].

43917675_1.docx

[1] The citizenship of "doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1) ["In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of

## IV. THE JURISDICTIONAL MINIMUM IS SATISFIED

20. This Court's jurisdictional minimum of an amount in controversy exceeding $75,000 is satisfied[2].

21. Preliminarily, Defendant is only required to demonstrate that it is "more likely than not" that the amount in controversy exceeds the jurisdictional limit. *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996).

22. To determine whether the jurisdictional minimum is met, a court shall consider all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, and attorney's fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

### A. Plaintiff Expressly Put At Least $610,000 into Controversy

23. Plaintiff expressly alleges that he has suffered "consequential damages, including damages for shame, humiliation, mental anguish and emotional distress in the amount of at least $500,000 caused by the conduct of DEFENDANTS." (Compl. ¶¶ 46(c), 53(c), and 59(c).) Plaintiff has made this allegation with respect to three of his four causes of action. (*Ibid*.)

24. Emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1031-35 (N.D. Cal. 2002) [finding that the plaintiff's alleged income loss of $25,600 at the time of removal, when coupled with unspecified amounts for medical expense damages, emotional distress damages, punitive damages, and attorney's fees anticipated to incur through trial, satisfied the amount in controversy requirement].

/ / /

defendants sued under fictitious names shall be disregarded." *See also Soliman v. Philip Morris Inc*., 311 F.3d 966 (9th Cir. 2002) [citizenship of fictitious defendants is irrelevant for removal purposes.]

[2] Defendant addresses the allegations in Plaintiff's Complaint to establish diversity jurisdiction and that the amount in controversy exceeds $75,000. In doing so, Defendant does not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his causes of action.

25. California case law confirms that emotional distress damages in employment actions are sufficient, on their own, to satisfy the amount in controversy requirement. *See Iwekaogwu v. City of Los Angeles* (1999) 75 Cal.App.4th 803 (upholding $450,000 emotional distress award in employment discrimination case); *Anderson v. American Airlines*, 352 Fed.Appx.182 (9th Cir. 2009) (upholding $1,000,000 emotional distress award in employment discrimination); *Lemke v. BCI Coca-Cola of Los Angeles*, 2004 WL 5825304 ($135,000 award of emotional distress damages in employment matter); and *Betson v. Rite Aid Corp*., 2011 WL 3606913 (awarding $500,000 for pain and suffering to employee in discrimination case).

26. Plaintiff also expressly alleges that he has suffered damages in the form of a "civil penalty of $10,000 under *Labor Code* § 1102.5(f)." (Compl. ¶ 66(c).)

27. In addition to the $510,000 Plaintiff has expressly put into controversy, Plaintiff further alleges that he "has sustained and will suffer damages in an amount within the jurisdiction of this court," i.e., at least $25,000, in each of his four causes of action. (Compl. ¶¶ 46, 53, 59, and 66.) Plaintiff has therefore put an additional $100,000 into controversy ($25,000 x 4 causes of action).

28. Plaintiff has expressly put at least **$610,000** into controversy.

**B. Plaintiff Put At Least $87,360 of Lost Wages into Controversy**

29. Plaintiff seeks to recover his lost wages. (Compl. ¶¶ 46(a), 53(a), 59(a), 66(a); and Prayer for Relief nos. 1, 3.)

30. At the time his employment with Defendant ended, Plaintiff earned $26.00 per hour. (Compl. ¶ 6; Carl Decl. ¶ 9.) Throughout Plaintiff's employment, he regularly worked approximately 40 hours per week. (*Ibid*.) Plaintiff therefore earned approximately $1,040 per week ($26.00 per hour x 40 hours), or $4,160 per month ($1,040 x 4 weeks).

31. Plaintiff's employment was terminated in February of 2020. (Compl. ¶ 32; Carl Decl. ¶ 9.) Since the termination of his employment, Plaintiff's lost wages to-date total approximately $28,080 ($1,040 weekly x 28 weeks).

32. According to the 2020 Judicial Caseload Profile for the Central District of California, the median time for a civil matter to go from filing to trial is 21.2 months. (Declaration of Faheem A. Tukhi ("Tukhi Decl." ¶ 4, Ex. A.) Twenty-one months from the filing date of July 24, 2020 is approximately April 25, 2021. Plaintiff's lost wages since his February 14, 2020 through the estimated trial date of April 25, 2021 (based on the median time to trial in this district), is therefore approximately $87,360 ($4,160 per month x 21 months).

33. Plaintiff has put at least **$87,360** of lost wages into controversy. This amount, alone, satisfies the jurisdictional minimum of this Court.

### C. Plaintiff Put At Least $75,000 of Attorney's Fees into Controversy

34. Plaintiff seeks to recover his attorney's fees. (Compl. ¶¶ 47, 54, 66(e).)

35. When authorized by statute or contract, claims for attorney's fees are properly considered when determining the amount in controversy. *Galt G/S*, *supra*, 142 F.3d at 1156; *see also* Cal. Gov. Code § 12965(b) (a court may award attorney's fees to a prevailing party for civil actions brought under the Fair Employment and Housing Act ("FEHA")); and *Horsford v. Board of Trustees of the California State University* (2005) 132 Cal.App.4th 359, 394 (authorizing attorney's fees for FEHA claims as a remedy).

36. The measure of such fees for determining the amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely those [fees] already incurred." *Simmons*, *supra*, 209 F.Supp.2d at 1035.

37. As many courts have noted, employment actions often require "substantial effort from counsel." *Ibid*. A typical hourly rate for employment cases in the district court of California, such as the Central District, is approximately $300 per hour. *See Garcia v. ACE Cash Express, Inc.*, 2014 WL 2468344, at *5 (C.D. Cal. 2014). At a relatively low billing rate of just $300 per hour an attorney would have to spend just 250 hours to reach $75,000 in attorney's fees. An attorney in a single-plaintiff employment action is generally more likely than not to expend over 250 hours

43917675_1.docx

between discovery, motion practice (including summary judgment and other pre-trial motions), trial preparation, trial, and other case-related activity. Accordingly, to litigate this case through trial at the typical hourly rate for FEHA matters in this district, it is reasonable to anticipate that Plaintiff's attorney's fees will be at least $75,000 (250 hours x $300 per hour).

38. Plaintiff has put at least $75,000 of attorney's fees into controversy.

**D. Plaintiff's Punitive Damages Claim Exceeds $75,000**

39. Plaintiff seeks an award of punitive damages. (Compl. ¶¶ 48, 55, and 60.)

40. Punitive damages are considered and included to determine the amount in controversy. *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.* (1943) 320 U.S. 238, 240; *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785 (9th Cir. 1963); and *Gibson v. Chrysler Corp*., 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.")

41. California law does not provide a specific monetary limit on the amount of punitive damages that may be awarded under section 3294 of the California Civil Code, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds. *Boyle v. Lormiar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). An examination of jury awards shows that punitive damages awards, alone, in employment matters often exceed the $75,000 amount in controversy limit. *See Carter v. CB Richard Ellis*, 2001 WL 34109371 (Orange County Superior Court) ($600,000 punitive damages award in employment matter).

42. Plaintiff's claim for punitive damages, alone, satisfies the amount in controversy requirement of this Court.

**E. Plaintiff's Total Claimed Damages Exceeds $847,630**

43. The fact that Plaintiff's Complaint *expressly* alleges *at least* $610,000 in controversy satisfies Defendant's burden to show that it is "more likely than not" that the amount in controversy exceeds $75,000.

43917675_1.docx

44. Plaintiff's claims for lost wages, attorney's fees, and punitive damages, in addition to Plaintiff's express allegation of $610,000 in controversy, confirm that the jurisdictional requirement of at least $75,000 in controversy has been met.

45. In sum, the total amount in controversy is at least **$847,630**, well above the $75,000 jurisdictional minimum, ad demonstrated in the following table:

| Type of Damages/Claim | Amount in Controversy |
|---|---|
| Emotional Distress | $500,000+ |
| Jurisdictional Minimum of State Court | $100,000+ |
| Civil Penalty under Labor Code | $10,000 |
| Lost Wages | $87,360+ |
| Attorney's Fees | $75,000+ |
| Punitive Damages | $75,000+ |
| **Total** | **$847,630+** |

## V. THE REQUIREMENTS OF 28 U.S.C. § 1446 HAVE BEEN SATISFIED

46. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

47. This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. 1441(a).

48. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by **Exhibit 1**, which is a copy of all process, pleadings, and orders served on Defendant.

49. In accordance with 28 U.S.C. § 1446(b), Defendant's Notice of was filed within 30 days after completion of the initial service on Defendant.

50. In accordance with 28 U.S.C. § 1446(d), Defendant shall give written notice of the original removal of this action to Plaintiff via his counsel and will file a copy of that Notice with the Los Angeles Superior Court.

/ / /

## VI. CONCLUSION

51. Because jurisdiction is proper under 28 U.S.C. § 1332 (diversity), Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

52. If the Court has questions regarding the propriety of this Notice of Removal, Defendant respectfully requests that the Court issue an Order to Show Cause, so that it may have an opportunity to address such questions.

DATED: September 2, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ *Faheem A. Tukhi*
Angela Pak
Faheem A. Tukhi

Attorneys for Defendant
Clean Harbors Environmental Services, Inc.

43917675_1.docx

**PROOF OF SERVICE**
*Matthew Kohen v. Clean Harbors Environmental Services, Inc., et al.*
Case No. 2:20-CV-8020

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On September 2, 2020, I served the following document(s):

**DEFENDANT CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 2, 2020, at Costa Mesa, California.

Nieka Caruthers-Dodson

43917675_1.docx

**SERVICE LIST**
*Matthew Kohen v. Clean Harbors Environmental Services, Inc., et al.*
Case No. 2:20-CV-8020

| | |
|---|---|
| Stephen W. Hogie, Esq.<br>Paul A. Campbell, Esq.<br>HOGIE & CAMPBELL LAWYERS, INC.<br>13522 Newport Ave., Suite 201<br>Tustin, CA 92780<br>Telephone: 714-508-6422<br>hogie@firedme.com<br>pac@firedme.com | Attorneys for Plaintiff<br>Matthew Kohen |

44017137.1

43917675_1.docx