# EXHIBIT 1

 CT Corporation

**Service of Process Transmittal**
08/03/2020
CT Log Number 538036718

TO: Michael McDonald
Clean Harbors, Inc.
42 Longwater Dr
Norwell, MA 02061-1612

RE: **Process Served in California**

FOR: Clean Harbors Environmental Services, Inc.  (Domestic State: MA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MATTHEW KOHEN, etc., Pltf. vs. CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV28033 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/03/2020 at 15:24 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/04/2020, Expected Purge Date: 08/09/2020 |
| | Image SOP |
| | Email Notification,  Michael McDonald  mcdonaldm@cleanharbors.com |
| | Email Notification,  Brad Carl  carl.brad@cleanharbors.com |
| | Email Notification,  Monica Murphy-Rodgers  MURPHYMO@CLEANHARBORS.COM |
| | Email Notification,  Ilinca Butnariu  butnariu.ilinca@cleanharbors.com |
| | Email Notification,  Katrina Scarsciotti  scarsciotti.katrina@cleanharbors.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>155 Federal St Ste 700<br>Boston, MA 02110-1727 |
| **For Questions:** | 800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Page 1 of  1 / RD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:**           Mon, Aug 3, 2020

**Server Name:**    Jimmy Lizama

**Location:**       LOS ANGELES, CA-LA

Entity Served       CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.

Agent Name          CT CORPORATION SYSTEM

Case Number         20STCV28033

Jurisdiction        CA-LA



Electronically FILED by Superior Court of California, County of Los Angeles on 07/27/2020 09:51 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. So, Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., a
Massachusetts corporation; and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MATTHEW KOHEN, an individual

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>Central District-Stanley Mosk Court<br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**20STCV28033** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul A. Campbell    (Bar # 289409)
Hogie & Campbell Lawyers, Inc.                                            Phone No.: (714) 508-6422
13522 Newport Avenue Suite 201, Tustin, CA 92780

| DATE:<br>*(Fecha)* 07/27/2020<br>Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>*(Secretario)*  J. So | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., a Massachusetts, corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
*LexisNexis® Automated California Judicial Forms*

Electronically FILED by Superior Court of California, County of Los Angeles on 07/24/2020 04:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez,Deputy Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Stephen W. Hogle (Bar # 178095) <br> Paul A. Campbell (Bar # 289409) <br> Hogle & Campbell Lawyers, Inc. <br> 13522 Newport Avenue Suite 201, Tustin, CA 92780 <br> TELEPHONE NO.: (714) 508-6422    FAX NO.: <br> ATTORNEY FOR *(Name):* Matthew Kohen, Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill St., Rm. 102, Floor 1
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District-Stanley Mosk Court

CASE NAME:
Kohen v. Clean Harbors Environmental Services, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited <br> (Amount demanded exceeds $25,000) | [ ] Limited <br> (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | 20STCV28033 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):* FOUR (4)
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 24, 2020

Paul A. Campbell ▶ /s/ Paul A. Campbell
_____     _____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

LexisNexis® Automated California Judicial Council Forms

Exhibit 1 - Page 5

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]        **CIVIL CASE COVER SHEET**        Page 2 of 2
*LexisNexis® Automated California Judicial Council Forms*

Exhibit 1; Page 19

Electronically FILED by Superior Court of California, County of Los Angeles on 07/30/2020 11:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Miro,Deputy Clerk
20STCV28033

| SHORT TITLE: Kohen v. Clean Harbors Environmental Services, Inc. | CASE NUMBER 20STCV28033 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Exhibit 1; Page 26

Page 3 of 4

| SHORT TITLE: Kohen v. Clean Harbors Environmental Services, Inc. | CASE NUMBER 20STCV28033 |
| --- | --- |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Kohen v. Clean Harbors Environmental Services, Inc. | CASE NUMBER 20STCV28033 |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151   Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153   Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150   Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007   Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141   Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160   Abstract of Judgment | 2, 6 |
| | | ☐ A6107   Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112   Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030   Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121   Civil Harassment | 2, 3, 9 |
| | | ☐ A6123   Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124   Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190   Election Contest | 2 |
| | | ☐ A6110   Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170   Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100   Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Exhibit 1; Page 22

| SHORT TITLE: Kohen v. Clean Harbors Environmental Services, Inc. | CASE NUMBER 20STCV28033 |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 18408 S Laurel Park Road |

| CITY: Compton | STATE: CA | ZIP CODE: 90220 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Stanley Mosk-Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __7/24/2020__

/s/ Paul A. Campbell

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Exhibit 1; Page 23
Page 2 of 2

Electronically FILED by Superior Court of California, County of Los Angeles on 07/24/2020 04:38 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
20STCV28033

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: John Doyle

Stephen W. Hogie, SBN 178095
hogie@firedme.com
Paul A. Campbell, SBN 289409
pac@firedme.com
HOGIE & CAMPBELL LAWYERS, INC.
13522 Newport Avenue, Suite 201
Tustin, CA 92780
Telephone: (714) 508-6422

Attorneys for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MATTHEW KOHEN, an individual<br><br>          Plaintiff,<br><br>     vs.<br><br>CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., a Massachusetts corporation; and DOES 1 - 50<br><br><br>          Defendants. | Case No.: **20STCV28033**<br><br>COMPLAINT FOR:<br><br>1) FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION [*Gov't Code* §12940(k)];<br><br>2) RETALIATION [*Gov't Code* §§12940(h), 12945.2(l)]; AND<br><br>3) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; AND<br><br>4) VIOLATIONS PURSUANT TO LABOR CODE §1102.5(b) |

Plaintiff alleges:

## GENERAL ALLEGATIONS

1.     This Court is the proper court and this action is properly filed in the County of  and in

this judicial district because Defendants do business in the County of Los Angeles, in the city of

-1-

COMPLAINT

1  Los Angeles, where the incidents alleged occurred, where Plaintiff and Defendant entered into

2  their employment contract, and because Defendants' obligations and liability arose there.

3  2.      Plaintiff, Matthew Kohen ("KOHEN" or "PLAINTIFF") is a former employee of

4  Defendants and is a resident and citizen of the State of California.

5  3.      PLAINTIFF is informed and believes, and alleges, that Clean Harbors Environmental

6  Services, Inc. is a Massachusetts corporation.

7  4.      PLAINTIFF Matthew Kohen brings this action against, CLEAN HARBORS

8  ENVIRONMENTAL SERVICES, INC., a Massachusetts corporation, referred to as "Clean

9  Harbors Environmental"; and DOES 1-50, collectively referred to as "DEFENDANTS," to

10  recover among other things: interest, attorney's fees, penalties, costs, expenses, wages, monetary

11  compensation for; failure to take all reasonable steps to prevent discrimination, terminating

12  PLAINTIFF due to reporting company malpractices and safety concerns; retaliation; punitive

13  damages as to the FEHA causes of action due to oppression and malice as this is not the first

14  occasion of such conduct due to illegal policies and procedures.

15  5.      At all relevant times alleged, DEFENDANTS employed PLAINTIFF. In perpetrating the

16  acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to and in

17  furtherance of a policy and practice of: discriminating against Plaintiff for complaining to

18  management about safety violations resulting in unsafe work conditions, failure to investigate,

19  and failure to take all reasonable steps to prevent discrimination, and retaliation for opposing

20  discrimination.

21  6.      PLAINTIFF was hired by Clean Harbors Environmental on October 8, 2018.

22  PLAINTIFF worked as a Wet Vacuum Trailer Operator and was paid $26.00 hourly.

23  7.      Throughout KOHEN'S employment he witnessed various illegal practices resulting in

24  unsafe work conditions. KOHEN reported illegal practices to human resources, his supervisor,

25  and corporate managers. After making these complaints, which is protected conduct,

26  PLAINTIFF suffered mistreatment at work, retaliation, and termination.

27  8.      During KOHEN'S employment, Clean Harbors had a policy that rewarded managers

28  percentage on the amount of money they saved the company. PLAINTIFF believes this practice

-2-

COMPLAINT

incentivized managers to promote illegal safety practices that resulted in unsafe conditions which violated California law. KOHEN noticed that his manager, DE LA TORRE and other supervisors ignored these various safety concerns that threatened his future wellbeing and the wellbeing of others.

9.      KOHEN verbally reported safety issues to DE LA TORRE on numerous occasions. Throughout his employment, KOHEN reported to DE LA TORRE faulty company vehicles, employee safety misconduct, the failure to upkeep essential equipment, building codes, sprinkler systems, eye wash stations and fire extinguishers. Every time KOHEN reported these issues, DE LA TORRE would dismiss his concerns and never investigated or engaged in any attempts to remediate the violations.

10.     KOHEN particularly observed and reported several employees failing to wear personal protective equipment and recklessly operating dangerous machines, such as a forklift. KOHEN attempted to stop employees from engaging in unsafe conditions, but he was ignored by his coworkers.

11.     Due to DE LA TORRE'S failure to investigate these issues, KOHEN chose to anonymously report these unsafe conditions to corporate in June 2019. On June 2019, KOHEN identified, once again, his concern over several unsafe conditions to DE LA TORRE in Clean Harbors' employee anonymous survey.

12.     A couple weeks later after anonymously reporting these malpractices, DE LA TORRE discussed all anonymous employee surveys during a meeting. KOHEN believes DE LA TORRE immediately identified his survey identifying the unsafe conditions. KOHEN'S survey mirrored his many verbal concerns he had previously made to DE LA TORRE regarding the many unsafe conditions.

13.     After this meeting, DE LA TORRE never addressed KOHEN'S safety concerns.

14.     As unsafe conditions continued, KOHEN became more worried about the wellbeing of himself and other employees. KOHEN decided to contact a corporate agent directly to ensure that an investigation into the unsafe conditions would be conducted. KOHEN did this in hopes that finally the unsafe conditions within Clean Harbors would be corrected.

-3-

COMPLAINT

15.     On November 9, 2019, KOHEN emailed District Vice President Gary Burns ("BURNS") and Human Resource Business Partner Ozzy Torres ("TORRES") to report the unsafe conditions management allowed to occur. In this email titled "Concerns," KOHEN reported, "As a DW driver I feel that when I bring up a safety concern in our safety meetings every week they are never addressed. I am sure the sentiment is shared with my peers." KOHEN further reported unsafe conditions commonly reinforced by Clean Harbors' employees at the Wilmington/Compton Facility that management had routinely disregarded.

16.     KOHEN was optimistic Clean Harbors would take proper procedures to ensure the wellbeing of their employees. However, this feeling was short lived when his supervisor DE LA TORRE retaliated against him for reporting safety violations that resulted in unsafe conditions.

17.     Immediately after KOHEN formally reported safety violations that resulted in unsafe conditions to BURNS and TORRES, DE LA TORRES began to retaliate against him.

18.     In November 2019, in retaliation for KOHEN reporting safety violations that resulted in unsafe conditions DE LA TORRE attempted to issue him a series of write-ups. On November 11, 2019, DE LA TORRE and Branch Manager Heather MacDonald ("MACDONALD") met with KOHEN. During this meeting, DE LA TORRE attempted to issue KOHEN a write up for his attendance and behavior.

19.     During this meeting, DE LA TORRE accused KOHEN of a "no call no show," for missing work on a voluntary workday on November 2, 2019. KOHEN knew that Saturday projects are voluntary to work for those who want overtime and have never been mandatory. On November 1, 2019, KOHEN verbally informed DE LA TORRE and Project Manager Maurillio Alvarez ("ALVAREZ") that he was unable to go to work the following day due to a personal emergency. After missing the voluntary workday, DE LA TORRE never reprimanded KOHEN for missing until after he reported unsafe conditions to BURNS and TORRES. Yet during their meeting on November 11, 2019, DE LA TORRE told KOHEN, "Saturdays are voluntary for everyone expect for [KOHEN]." KOHEN was shocked at DE LA TORRE'S blatant retaliation.

///
///

-4-

COMPLAINT

20.     On November 11, 2019, DE LA TORRE additionally attacked KOHEN'S behavior. DE LA TORRE attacked KOHEN'S "compliance." DE LA TORRE wrongly attacked KOHEN'S behavior for complying with safety rules in February 2019 and March 2019. On February 20, 2019, the client ordered KOHEN to illegally park on a residential street. KOHEN informed the client and DE LA TORRE, of the situation. DE LA TORRE then informed him to service the client later. On March 7, 2019, KOHEN was ordered to pick up freights from client Disney. However, when he arrived at the pickup location the client had more freight than the trucks capacity. KOHEN was therefore unable to pick up shipment while complying with law. KOHEN informed DE LA TORRE and supervisor, Javier Monsano ("MONSANO") of the situation. DE LA TORRE was upset for KOHEN presenting this issue. Yet MONSANO agreed with KOHEN and told DE LA TORRE that KOHEN was right and told DE LA TORRE to let it go.

21.     After their meeting on November 11, 2019, DE LA TORRE and MACDONALD in retaliation for reporting safety malpractices issued KOHEN a write up for his behavior.

22.     KOHEN was shocked by DE LA TORRE'S retaliatory write-up. KOHEN believes that this write-up was to not only create a basis for his termination but to push him out of his employment as an attempt to try to force him to quit.

23.     In response to DE LA TORRE'S and MACDONALD'S write up, KOHEN sought assistance to prevent further retaliation. Days after the meeting on or about November 15, 2019, KOHEN emailed BURNS and TORRES to report DE LA TORRE'S retaliatory mistreatment. KOHEN writes, "I believe that my boss Miguel De La Torre is singling me out and has a bias against me." KOHEN further noted the allegations against him during their meeting on November 11, 2019.

24.     On November 25, 2019 TORRES called KOHEN to discuss his previous emails from November 9, 2019, and on or about November 15, 2019. TORRES told KOHEN, "I will investigate your concerns. Just give me a chance to solve the issues at hand." TORRES further requested KOHEN no longer reach out to District Vice President BURNS and to trust that he would assist him. KOHEN felt comforted by TORRES' response to his concerns. Unfortunately, TORRES never reached out to KOHEN regarding the results of the alleged investigation.

COMPLAINT

1   25.    On January 31, 2020, KOHEN met with Human Resource Business Partner TORRES.

2   KOHEN asked TORRES about any update on his concerns on November 9, 2019 and on or

3   about November 15, 2019. TORRES dismissed KOHEN and replied, "I have been busy… you

4   know it was the holidays."

5   26.    TORRES never reached out to KOHEN regarding his concerns after this meeting. DE LA

6   TORRES' harassment and retaliation against KOHEN worsened after KOHEN'S meeting with

7   TORRES.

8   27.    On February 11, 2020, KOHEN'S supervisors wrongfully suspended him for following

9   company policies. DE LA TORRE, his direct supervisor David Carranza ("CARRANZA"), and

10   MACDONALD met with KOHEN and informed him he was being suspended due to an alleged

11   issue with a client on February 10, 2020. During this meeting, they ordered KOHEN to explain

12   the interaction with the client, Fedex on February 10, 2020. KOHEN explained to them that he

13   followed company procedure when picking up the order from the client Fedex. KOHEN

14   requested essential documents needed to inspect each barrel as he was required to verify the

15   contents with the client. KOHEN asked why he was being suspended and his supervisors refused

16   to give him an explanation.

17   28.    KOHEN believes that this was but another attempt to eliminate his employment in

18   retaliation of him reporting safety violations that resulted in unsafe work conditions within Clean

19   Harbors' management.

20   29.    In a last attempt to seek assistance in stopping his harassers, KOHEN emailed Technical

21   Services District Manager Javier Manzano and District Vice President BURNS on February 13,

22   2020. In this email KOHEN reported the series of harassment and retaliation he has experienced

23   after he reported safety issues. KOHEN writes,

24          I was just in Ozzy Torres's office in Wilmington on 1.31.20 talking about another

25          fictitious complaint against me? I have a long history of documented fictitious accusation

26          against me which can be interpreted as harassment and retaliation for bring it up safety

27          concerns.

28   / / /

1    Miguel and Heather had attempted to write me up a few non-incidents in the past. At this
2    point it only confirms that I am being targeted with retaliation due to a few safety issues
3    that I have been concerned with and have reported with this facility.

5    I brought the retaliation and harassment complaints to multiple managers and human
6    resources (Ozzy Torres In an e-mail called"concerns" back in October 2019) and no one
7    has responded. I do not feel safe here in Compton. I feel like there's a target on my back
8    for bringing up safety concerns even though company policy is to report them. I
9    requested a transfer and no one has done anything to help me. I am looking to remedy the
10   situation untill all options are exhausted. I will not be intimidated or bullied for bringing
11   up safety concerns and conflicts of interest. The company urges you to report unsafe acts
12   yet I am being punished for doing so.

13   30.    Unfortunately, this report like KOHEN'S other reports of retaliation and harassment was
14   left uninvestigated. KOHEN was never contacted regarding this complaint on February 13, 2020.

15   31.    Rather than assisting KOHEN, Technical Services District Manager Javier Manzano and
16   District Vice President BURNS allowed KOHEN'S harassers to wrongfully terminate his
17   employment.

18   32.    On February 14, 2020, MACDONALD called KOHEN and presented him a termination
19   letter accusing him of "behavioral issues with clients and co-workers."

20   33.    For months KOHEN'S report of safety malpractices have been ignored. In retaliation for
21   reporting company safety malpractices KOHEN was retaliated against which resulted in his
22   wrongful termination. He has sought out assistance from HR representatives and corporate
23   managers but none of his reports were answered or investigated.

24   34.    Defendant Clean Harbors Environmental at all times alleged, employed over 50
25   employees.

26   35.    PLAINTIFF is informed, believes, and alleges that the Clean Harbors Environmental had
27   full knowledge of the situation yet failed to investigate or remedy the; discrimination, harassment
28   and retaliation, or take immediate corrective action, after PLAINTIFF requested accommodation.

-7-

COMPLAINT

36.     PLAINTIFF is informed and believes, and alleges, that each and all of the acts and omissions alleged were performed by, and/or attributable to, the DEFENDANTS named in each cause of action, each acting as agents and/or employees, and or under the direction and control of each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control. PLAINTIFF is informed and believes, and alleges, that at all times material hereto DEFENDANTS were and are the agents of each other.

37.     PLAINTIFF is informed and believes, and alleges that DEFENDANTS are PLAINTIFF'S joint employers by virtue of joint enterprise.  PLAINTIFF performed services for each and every Defendant, and to the mutual benefit of all DEFENDANTS, and all DEFENDANTS share control of PLAINTIFF as employee, either directly or indirectly, and the manner in which DEFENDANTS' business is conducted.

38.     PLAINTIFF is informed and believes, and alleges that there exists such a unity of interest and ownership between Clean Harbors Environmental, and DOES 1 through 50, and that the individuality and separateness of DEFENDANTS has ceased to exist resulting in employer liability.

39.     PLAINTIFF is informed and believes, and alleges (unless otherwise alleged in this Complaint), that at all relevant times herein, all DEFENDANTS were the agents, employees and/or servants, masters or employers of the remaining DEFENDANTS, and in doing the things hereinafter alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other DEFENDANTS.

40.     PLAINTIFF is informed and believes, and alleges, that DOES 1 - 50 are the partners, owners, shareholders, or managers of Defendant Clean Harbors Environmental and were acting on behalf of Clean Harbors Environmental or as a joint employer in the payment of wages to PLAINTIFF.

41.     The true names and capacities, whether individual, corporate, associate, member, or otherwise, of DOES 1 through 50 are unknown to PLAINTIFF, who therefore sues the DOE

/ / /

1   DEFENDANTS by fictitious names.  PLAINTIFF will amend this complaint to show their true

2   names and capacities when they have been ascertained.

3                              PROCEDURAL BACKGROUND

4                        EXHAUSTION OF ADMINISTRATIVE REMEDIES

5   42.     On or about May 20, 2020, PLAINTIFF filed a complaint with the Department of Fair

6   Employment and Housing ("DFEH") alleging discrimination, harassment, and retaliation.  On

7   May 20, 2020, the DFEH issued PLAINTIFF a right-to -sue notification, thereby exhausting

8   administrative remedies.

9                              FIRST CAUSE OF ACTION

10   FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION IN

11       VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

12                          GOVERNMENT CODE §12940(k)

13   43.     PLAINTIFF hereby alleges and incorporates by reference, as though fully set forth here,

14   the allegations contained in paragraphs 1 through 42.  This cause of action is brought against

15   DEFENDANTS Clean Harbors Environmental, and DOES 1-50.

16   44.     DEFENDANTS are employers in the State of California, as defined in the California Fair

17   Employment and Housing Act ("FEHA"). PLAINTIFF'S supervisor Miguel De La Torre,

18   Heather McDonald, was a managing agent, officer, and/or supervisor at Clean Harbors

19   Environmental at the time PLAINTIFF complained to him regarding disability discrimination.

20   45.     DEFENDANTS failed to take all reasonable steps to prevent discrimination and

21   retaliation before and/or after PLAINTIFF gave notice of discrimination retaliation. This failure

22   is in violation of the California Fair Employment and Housing Act.

23   46.     As a direct and proximate result of DEFENDANTS' failure to take all reasonable steps to

24   prevent discrimination retaliation as described in this complaint, PLAINTIFF has sustained and

25   will suffer damages in an amount within the jurisdiction of this court, the exact amount to be

26   proven at trial. Such damages include:

27           a.    loss of salary and other valuable employment benefits;

28   / / /

-9-

COMPLAINT

1       b.   prejudgment interest and interest on the sum of damages at the legal rate; and

2       c.   other consequential damages, including damages for shame, humiliation, mental

3  anguish and emotional distress in the amount of at least $500,000.00 caused by the conduct of

4  DEFENDANTS.

5  47.     In addition, PLAINTIFF is entitled to attorney's fees in prosecution of this lawsuit,

6  pursuant to Government Code Section 12965 (b).

7  48.     Further, because the failure to take all reasonable steps to prevent discrimination, and

8  harassment, and/or retaliation, was an omission committed by DEFENDANTS, including

9  officers, shareholders, directors and/or managing agents of the company, who acted with malice,

10  oppression or fraud, or were deliberate, willful and acted in conscious disregard of the

11  probability of causing injury to PLAINTIFF by failing to act, PLAINTIFF seeks punitive

12  damages against DEFENDANTS in order to deter them from such conduct and allowing such

13  conduct in the future. DEFENDANTS' violation of FEHA is a violation of a fundamental public

14  policy against discrimination and is therefore subject to punitive damages.

15  SECOND CAUSE OF ACTION

16  RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT

17  ("FEHA") GOV'T CODE§ 12940(h); 12945.2(l).

18  49.     PLAINTIFF hereby alleges and incorporates by reference, as though fully set forth here,

19  the allegations contained in paragraphs 1 through 48. This cause of action is brought against

20  DEFENDANTS Clean Harbors Environmental and DOES 1-50.

21  50.   DEFENDANTS are employers in the State of California, as defined in the California Fair

22  Employment and Housing Act ("FEHA"). SUPERVISOR, was a managing agent, officer, and/or

23  supervisor at Clean Harbors Environmental at the time PLAINTIFF complained to her regarding

24  disability discrimination and/or when PLAINTIFF exercised his right to family care and medical

25  leave.

26  51.     DEFENDANTS retaliated against PLAINTIFF because PLAINTIFF'S assertion of his

27  legal right to oppose what he believed was a violation of state or federal statute and/or a violation

28  or noncompliance with a state or federal rule or regulation to management. This retaliation is in

-10-

COMPLAINT

1   violation of the California Fair Employment and Housing Act.

2   52.     DEFENDANTS retaliated against PLAINTIFF by attacking his performance and

3   terminating his employment.

4   53.     As a direct and proximate result of DEFENDANTS' retaliation as described in this

5   Complaint, PLAINTIFF has sustained and will suffer damages in an amount within the

6   jurisdiction of this court, the exact amount to be proven at trial. Such damages include:

7           a.   loss of salary and other valuable employment benefits;

8           b.   prejudgment interest and interest on the sum of damages at the legal rate; and

9           c.   other consequential damages, including damages for shame, humiliation, mental

10  anguish and emotional distress in the amount of at least $500,000.00 caused by the conduct of

11  DEFENDANTS.

12  54.     In addition, PLAINTIFF is entitled to attorney's fees in prosecution of this lawsuit,

13  pursuant to Government Code Section 12965 (b).

14  55.     Further, because the retaliatory acts were committed by DEFENDANTS, including

15  officers, shareholders, directors and/or managing agents of the company, who acted with malice,

16  oppression or fraud, or were deliberate, willful and acted in conscious disregard of the

17  probability of causing injury to PLAINTIFF, PLAINTIFF seeks punitive damages against

18  DEFENDANTS in order to deter them from such conduct and allowing such conduct in the

19  future. DEFENDANTS' violation of FEHA is a violation of a fundamental public policy against

20  discrimination and is therefore subject to punitive damages.

21                        THRID CAUSE OF ACTION

22          WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

23  56.     PLAINTIFF hereby realleges and incorporates by reference, as though fully set forth

24  here, the allegations contained in paragraphs 1 through 55. This cause of action is brought

25  against DEFENDANTS Clean Harbors Environmental and DOES 1-50.

26  57.     DEFENDANTS terminated PLAINTIFF for asserting his right to report illegal activity to

27  DEFENDANTS, including officers, shareholders, directors and/or managing agents of the

28  company.

-11-

COMPLAINT

58.     DEFENDANTS' termination of PLAINTIFF'S employment violates the Fair Employment and Housing Act as set forth in Government Code §12940 et seq. which mandates that employees be free from harassment and discrimination based on a perceived or actual disability in the workplace.

59.     As a direct and proximate result of DEFENDANTS' unlawful conduct as described in this Complaint, PLAINTIFF has sustained and will suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial. Such damages include:

    a.   loss of salary and other valuable employment benefits;

    b.   prejudgment interest and interest on the sum of damages at the legal rate; and

    c.   other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress in the amount of at least $500,000.00 caused by the conduct of DEFENDANTS.

60.     Further, because the harassing and discriminatory acts were committed by DEFENDANTS, including officers, shareholders, directors and/or managing agents of the company, who acted with malice, oppression or fraud, or were deliberate, willful and acted in conscious disregard of the probability of causing injury to PLAINTIFF, seeks punitive damages against DEFENDANTS in order to deter them from such conduct in the future. DEFENDANTS' violation of FEHA is a violation of a fundamental public policy against discrimination and is therefore subject to punitive damages.

FOURTH CAUSE OF ACTION

VIOLATIONS PURSUANT TO LABOR CODE §1102.5(b)

61.     PLAINTIFF hereby realleges and incorporates by reference, as though fully set forth, the allegations contained in paragraphs 1 through 60. This cause of action is brought against Defendants CLEAN HARBORS ENVIRONMENTAL and DOES 1-50.

62.     Pursuant to Labor Code § 1102.5(b) states in part, "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another

-12-

COMPLAINT

1  employee who has the authority to investigate, discover, or correct the violation or

2  noncompliance, or for providing information to, or testifying before, any public body conducting

3  an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the

4  information discloses a violation of state or federal statute, or a violation of or noncompliance

5  with a local, state, or federal rule or regulation, regardless of whether disclosing the information

6  is part of the employee's job duties."

7  63.     PLAINTIFF had reasonable cause to believe that CLEAN HARBORS

8  ENVIRONMENTAL officers, shareholders, directors and/or managing agents of the company

9  promoted illegal safety practices that resulted in unsafe conditions and/or ignored these various

10  safety concerns that threatened his future wellbeing and the wellbeing of others. PLAINTIFF

11  believed CLEAN HARBORS ENVIRONMENTAL violated several safety violations of state or

12  federal statute and/or a safety violations or noncompliance with a state or federal rule or

13  regulation to management

14  64.     PLAINTIFF complained to DEFENDANT of the unsafe work conditions. After

15  PLAINTIFF filed this complaint DEFENDANT retaliated against PLAINTIFF by terminating

16  PLAINTIFF'S employment.

17  65.     DEFENDANTS' conduct described in this complaint violates *Labor Code* § 1102.5(b).

18  66.     As a direct and proximate result of DEFENDANTS' retaliation as described in this

19  Complaint, PLAINTIFF has sustained and will suffer actual damages *Labor Code* § 1105, in an

20  amount within the jurisdiction of this court, the exact amount to be proven at trial. Such damages

21  include:

22              a.   loss of salary and other valuable employment benefits;

23              b.   prejudgment interest and interest on the sum of damages at the legal rate;

24              c.   other consequential damages, including damages for shame, humiliation,

25  mental anguish and emotional distress caused by the conduct of Defendants;

26              d.   civil penalty of $10,000.00 under *Labor Code* § 1102.5(f); and

27              e.   attorney fees.

28  / / /

-13-

COMPLAINT

1   **WHEREFORE** PLAINTIFF prays for judgment against DEFENDANTS as follows:

2   AS TO ALL CAUSES OF ACTION:

3   1.      For all actual, consequential and incidental financial losses, including but not limited to

4   loss of earnings and employment benefits, together with prejudgment interest, according to

5   proof;

6   2.      For all compensatory and general damages in an amount according to proof;

7   3.      For all unpaid wages and penalties;

8   4.      For reasonable attorneys fees according to statute;

9   5.      For punitive damages;

10  6.      For prejudgment and post-judgment interest according to any applicable provision of law,

11  according to proof;

12  7.      For a finding that "Clean Harbors Environmental" is, and was a shell or conduit for the

13  personal and business affairs of DOES 1 – 50, and is, and was the alter egos of DOES 1 – 50.

14  The corporate existence of Clean Harbors Environmental and DOES 1 – 50 shall be disregarded

15  in equity and for the ends of justice because such disregard is necessary to avoid fraud and

16  injustice to PLAINTIFF.

17  8.      For costs of suit incurred herein; and

18  9.      For such other and further relief as the court may deem appropriate.

19  DATED:  July 24, 2020                          HOGIE & CAMPBELL LAWYERS, INC.

20

21                                      By:    _/s/ Paul A. Campbell_____
                                        Stephen W. Hogie
22                                      Paul A. Campbell
                                        Attorneys for Matthew Kohen, Plaintiff
23

24

25

26

27

28

-14-

COMPLAINT



# Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC CIV 271 Rev. 01/20
For Mandatory Use

1

Exhibit 1; Page 38

---

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

   • **ADR Services, Inc.** Case Manager **patricia@adrservices.com** (310) 201-0010 (Ext. 261)
   • **JAMS, Inc.** Senior Case Manager **mbinder@jamsadr.com** (310) 309-6204
   • **Mediation Center of Los Angeles (MCLA)** Program Manager **info@mediationLA.org** (833) 476-9145
       o Only MCLA provides mediation in person, by phone and by videoconference.

   **These organizations cannot accept every case and they may decline cases at their discretion.**
   Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
   NOTE:  This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
   https://wdacs.lacounty.gov/programs/drp/
       • Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
           o Free, day- of- trial mediations at the courthouse. No appointment needed.
           o Free or low-cost mediations before the day of trial.
           o For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
             http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

---

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website:  http://www.lacourt.org/division/civil/CI0109.aspx**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC CIV 271 Rev. 01/20
For Mandatory Use

2